CLINTON BROWN, Pro Se
16821 Edgar Street
Pacific Palisades, CA 90272
clinton@atlasinc.solar
310-487-6453

**RELATED DDJ**

F I L E D
CLERK, U.S. DISTRICT COURT
APR 28 2023
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ rsm _____ DEPUTY

Note: The Clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice. *Fed. R. Civ. P. 5(d)(4)*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING (II),<br><br>　　　　Defendant. | CASE NO. 2:23-CV-03366-MEMF-KS<br>Complaint<br>Judge:<br>Magistrate Judge:<br>Action Filed: 04/28/2023<br>Action Due: |

## JURISDICTION

This court has jurisdiction under *28 U.S.C. § 1331* and *28 U.S.C. § 1343*. Federal question jurisdiction arises pursuant to *42 U.S.C. § 1983*.

## VENUE

Venue is proper in this District pursuant to *28 U.S.C. § 1391(b)(2)*.

## PARTIES

Plaintiff: CLINTON BROWN, resides at: 16821 Edgar St., Pacific Palisades, CA 90272.

Defendant: CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING (II), works at the Los Angeles County

**COMPLAINT**

Department of Regional Planning ("Department") at 26600 Agoura Road Calabasas, California, 91302.

The Defendant, individually, maliciously, and acting under the color of the law, deprived Plaintiff of his property without due process of law in contravention of the Fourteenth Amendment and *42 U.S.C. § 1983*.

## STATEMENT OF FACTS

On October 12, 2021, the Defendant rejected a solar facility permit, citing that the *locus* was within a Significant Ecological Area ("SEA"). The proposed site for the solar facility is a 32.4-acre empty parcel located at 27250 Agoura Rd., in unincorporated Los Angeles County. No recourse was available following the rejection.

On October 19, 2022, the Plaintiff introduced, *inter alia*, aerial photographs from the University of Santa Barbara taken in 1944, which indicated that the property consisted of man-made hills and thus did not meet the criteria for classification as a SEA. The Plaintiff requested that the Defendant sign the Agency Referral document issued by the Department of Building and Safety, citing the new evidence to support the permit issuance. The Defendant did not respond. *(Nectow v. Cambridge, 277 U.S. 183, 185, 48 S. Ct. 447 (1928))*.

On November 1, 2022, Plaintiff requested that Defendant or a superior at the Department sign off on the solar facility permit that was unreasonably rejected. On November 10, 2022, the Plaintiff again requested approval, followed by another request on November 20, 2022. The final request was made on December 2, 2022. In each unilateral communication Plaintiff communicated his intention to file a *42 U.S.C. 1983* lawsuit in Federal Court for Fifth and Fourteenth Amendment Constitutional violations against the Defendant if there was no redress.

On December 22, 2022, the Defendant's Clerk was served at the Department with a Fifth Amendment Takings complaint. The Defendant did not take any action in response to the service and failed to notify their superior or County Counsel. Thirteen

**COMPLAINT**

(13) days later, on January 3, 2023, the Defendant contacted the process server to claim that the Department could not find the "alleged" summons. Defendant's superiors were copied on the email.

On January 13, 2023, the Plaintiff requested an entry of default against the Defendant for failure to respond to the summons.[1] Although, an operation of law, the entry of default was not recorded, and consequently, the issue is now before the Ninth Circuit (No. 23-55160). It is unclear when the Defendant notified County counsel about the legal documents served, but on January 30, 2023, thirty-nine (39) days after receiving service, the Defendant finally filed an Answer.

## CLAIM

Los Angeles County Code *("LACC") 2.14.010* requires senior government officials to *immediately* send all legal documents served against them or the County, to the County Counsel. *(Ord. 4099 Art. 3 § 91, 1942)*. (Emphasis added). LACC *5.32.020* and *5.32.030* state that the County insures its employees against liability arising from acts or omissions during employment, except for fraudulent, corrupt, or *malicious acts*. *(Ord. 9022 § 1 (part), 1966: Ord. 7814 § 1 (part), 1960: Ord. 7552 § 1 (part), 1959: Ord. 4099 Art. 3-D § 93.82, 1942.)* and *(Ord. 9022 § 1 (part), 1966: Ord. 7552 § 1 (part), 1959: Ord. 4099 Art. 3-D § 93.84, 1942, respectively)*. (Emphasis added). To qualify for liability coverage, LACC *5.32.070* mandates that a County employee must comply with *all conditions*, including LACC *5.32.080,* mandating the County employee to *immediately* submit any served legal documents to County counsel. *(Ord. 7552 § 1 (part), 1959; Ord. 4099 Art. 3-D § 93.87, 1942)*. (Emphasis added). The foregoing actions and non-actions to impede Plaintiff's due process rights are malicious acts and forfeit the Defendant's liability insurance protection as a matter of law.

---

[1] Clinton Brown v. Clark R. Taylor, AICP, The Los Angeles County Department of Regional Planning, 2:22-cv-09023, CD Cal. Dk #18.

**COMPLAINT**

Clark R. Taylor, AICP, Senior Planner, deprived Plaintiff of his property without due process of law in contravention of the Fourteenth Amendment and *42 U.S.C. § 1983*. The Defendant deliberately ignored, deflected, and withheld information, demonstrating malicious intent to avoid resolving Plaintiff's legitimate claim, resulting in the deprivation of his property without due process. The Defendant's failure to comply with LACC *5.32.030* and *5.32.080* renders them ineligible for liability insurance, leaving them *personally liable for their actions* committed under the color of law in violation of *42 U.S.C. § 1983*. (Emphasis added).

## PRAYER FOR RELIEF

1. Declare that the Defendant deprived Plaintiff of his property without due process of law in contravention of the Fourteenth Amendment and *42 U.S.C. § 1983*.
2. Declare that the Defendant is not entitled to County liability protections due to his malicious acts impeding Plaintiff's due process rights.
3. Order the Defendant to pay $3,240,000 in damages to redress the deprivation of Plaintiff's property without due process of law in violation of the Fourteenth Amendment and in accordance with *42 U.S.C. § 1983*.
4. Declare Defendant's employment terminated for just cause. *(Ord. 88-0020 § 1 (part), 1988.)*
5. Grant any other relief that the Court deems just, speedy, and inexpensive for the resolution of this controversy.

"I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct."

Clinton Brown                                                                 04/28/2023

**COMPLAINT**

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues that are so triable.

Dated: 04/28/2023

Sign:

Print Name: Clinton Brown

COMPLAINT